IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ERIC J. PEREZ-FIGUEROA,

    **Plaintiff**,

           **v.**                      **Civil No**. 11-1459 (FAB)

HORIZON LINES, LLC, *et al.*,

    **Defendants**.

**ORDER ENFORCING SETTLEMENT**

This action concerns a complaint by a merchant seaman invoking three federal causes of action, all related to his maritime employment. The case proceeded under the terms of the Case Management Order entered on August 2, 2011, Docket No. 10, as amended by the Order of February 17, 2012, Docket No. 35. The matter is now before the Court on separate motions filed on April 27, 2012: the plaintiff's "Motion Requesting Hearing to Ratify or Set Aside Settlement Agreement, and/or Extend Discovery Period" (Docket No. 37), and the defendants' "Motion to Enforce Settlement" (Docket No. 38). The motions reveal that the parties had entered into a settlement of the case on April 23, 2012, but that an issue arose shortly thereafter as to the plaintiff's recanting of this settlement. This brings into question whether the settlement entered into by the parties was valid and should be enforced. A hearing on the matter was held on June 1, 2012. (Docket No. 45)

Civil No. 11-1459 (FAB)                                                   2

The determination of whether a merchant mariner has entered into a valid and enforceable settlement is a question of federal law.  Garrett v. Moore-McCormack Co., 317 U.S. 239 (1942).  "In cases involving seamen, the burden is on the defendant to show that a release of claims 'was executed freely, without deception or coercion, and that it was made by the seaman with full understanding of his rights.'"  Richards v. Relentless, Inc., 341 F.3d 35, 41 (1st Cir. 2003).  "The adequacy of the consideration and the nature of the medical and legal advice available to the seaman at the time of signing the release are relevant to an appraisal of this understanding."  Garrett, 317 U.S. at 248.

At the hearing held, the plaintiff attended and was questioned on the approval and acceptance of the settlement, and the authenticity of the documents executed contemporaneously with the formation of the agreement.  From the full record before the Court, and after the application of the Garrett requirements, 317 U.S. at 248, it is clear that a settlement was reached and that it should be enforced.

The plaintiff has been represented by counsel throughout all proceedings.  At the time of the settlement, the case was well advanced, with depositions having been taken and various expert reports exchanged between the parties.  From the submissions (Docket No. 38, p. 3), it appears that the plaintiff received expert reports from a liability expert, two medical experts and one

Civil No. 11-1459 (FAB)                                                3

economic expert.  During the course of the proceedings, the parties had participated in a voluntary mediation session with an independent mediator.  Upon the entry of this Court's Order of April 27, 2012, (Docket No. 39), the Court received a copy of the plaintiff's ratification of the settlement agreement.  (Docket No. 40.)  Subsequently, the plaintiff's attorney supplemented the record with a another document which was submitted to the Court *ex parte*.  (Docket No. 41.)  At the hearing, a third document ratifying the settlement was also submitted.  The original of all three documents that were submitted to the Court at the hearing will be translated and be made to form part of the record.  Upon questioning at the hearing, the plaintiff confirmed that he had subscribed all three documents.  The documents clearly authorize the plaintiff's attorney to negotiate the settlement that was agreed to by the defendant.  The documents also confirm that the plaintiff had the opportunity to review the evaluation of the experts and the attorney in authorizing and agreeing to the settlement.  In the documents, the specific amounts are discussed, and specific conditions are agreed to, including confidentiality and a "no sail" clause.  The record is to the effect that a full analysis was undertaken by the plaintiff, his attorney, and his expert advisors as to the terms, benefits and conditions of settlement.

Civil No. 11-1459 (FAB)                                                         4

In view of the full record now before the Court, the inescapable conclusion is that the parties agreed to a settlement to close out this action.  The plaintiff fully understood his rights in accepting this settlement; was fully agreeable to the amount of the settlement; the monetary terms of the settlement were adequate; the risks of litigation were evaluated with competent advisors; the method of satisfaction of attorney's fees was discussed and agreed to; and there was unabated access to medical and legal advice.  The record also makes clear that the settlement was accepted freely without deception or coercion.  This is, therefore, the type of settlement where the parties should be held to the full terms of their negotiated agreement. <u>Mathewson Corp. v. Allied Marine Industries, Inc.</u>, 827 F.2d 850, 852-53 (1st Cir. 1987).  The Court, therefore, ORDERS that the settlement entered between the parties be enforced.  The plaintiff is ORDERED to execute the settlement agreement and release which included provisions for confidentiality and a "no sail" clause.

The parties shall forthwith advise the Court that all settlement documents have been duly signed and the agreed payment has been effected so that a formal order of dismissal and the corresponding final judgment with prejudice may be entered.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 4, 2012.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE